UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____ x
                                       :
                                       :   CASE NO.   1:15-CV-1379 (GTS/DJS)
                                       :
NICHOLAS DELUCA,                       :
                                       :
                                       :
            Plaintiff,                 :
                                       :
                                       :
      vs.                              :
                                       :   COMPLAINT FOR VIOLATIONS OF
                                       :   THE FEDERAL FAIR DEBT
                                       :   COLLECTION PRACTICES ACT
ACCOUNT DISCOVERY SYSTEMS, LLC,        :
JUSTIN MARSHALL, DAVE SEGAL and JH     :
PORTFOLIO DEBT EQUITIES, LLC,          :   **DEMAND FOR JURY TRIAL**
                                       :
                                       :
_____ x
            Defendants

## I.    PRELIMINARY STATEMENT

1.    Plaintiff, NICHOLAS DELUCA, brings this action for the illegal practices of the above-named Defendants who, *inter alia*, used illegal practices, in connection with the Defendants' attempts to collect an alleged debt allegedly owed by the Plaintiff.

2.    The Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

3.    The Plaintiff seeks statutory damages, actual damages, attorney fees, costs, and all other relief as deemed appropriate by this Court.

## II.  PARTIES

4.    The Plaintiff is a natural person.

5.    At all times relevant to this Complaint, the Plaintiff was a citizen of, and resided in

Rensselaer County, New York.

6. At all times relevant to this Complaint, the Defendant Account Discovery Systems, LLC (ADS) is a debt collection corporation existing pursuant to the laws of the State of New York and maintains a principal place of business located at 495 Commerce Drive, Suite 2, Amherst, New York.

7. At all times relevant to the Complaint the Defendant Justin Marshall (JM) is a natural person and resident of the State of New York. JM is employed as a debt collector for the Defendant ADS.

8. At all times relevant to the Complaint the Defendant Dave Segal (DS) is a natural person and resident of the State of New York. DS is employed as a debt collector for the Defendant ADS.

9. The Defendant JH Portfolio Debt Equities, LLC (JHPDE) is a corporation existing pursuant to the laws of the State of California, is authorized to conduct business in the State of New York as a foreign corporation and maintains a principle place of business located at 5230 Las Virgenes Road, Calabasas, California.

10. Each Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

11. Each Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### III. JURISDICTION & VENUE

12. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

-2-

13.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.  FACTS CONCERNING THE PLAINTIFF

14.     The Defendant JHPDE alleged that the Plaintiff owed a debt in the amount of $2,434.06 as of November 12, 2015. A copy of a correspondence sent from the Defendant ADS setting forth said amount is attached hereto as Exhibit "1".

15.     The alleged debt was based upon an alleged college tuition debt allegedly owed by the Plaintiff to Westwood College Atlanta Northlake.

16.     At a time unknown to the Plaintiff the alleged tuition debt was purchased and otherwise assigned to the Defendant JHPDE.

17.     The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18.     The Plaintiff, at all times relevant to this lawsuit, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19.     At a time unknown to the Plaintiff the Defendant JHPDE placed the alleged debt with the Defendant ADS for collection purposes.

20.     On or about November 12, 2015 the Defendant JM contacted the Plaintiff via telephone and placed a voice message intended for the Plaintiff wherein he stated: "My name is Justin Marshall. This message is for Nicholas Deluca. Mr. Deluca, I'm required by both state and federal laws to notify you of a complaint that's been filed in my office. I need for you or your

representative attorney to return my call. I can be reached at 716-504-6896. That's 716-504-6896. Once again my name is Justin Marshall. I need to speak with Nicholas DeLuca, 716-504-6896. Thank you."

21. At no time during the message did the Defendant JM advise the Plaintiff that he was a debt collector attempting to collect a debt.

22. At no time during the message did the Defendant JM disclose his identity as a debt collector employed by the Defendant ADS.

23. At no time during the message did the Defendant JM disclose that the purpose of his communication was in regard to the alleged debt owed by the Plaintiff to the Defendant JHPDE.

24. The statement by the Defendant JM that he was "…….required by both state and federal laws to notify you of a complaint that's been filed in my office. I need for you or your representative attorney to return my call." is materially false, deceptive and misleading in that said statement falsely implied that a civil lawsuit complaint was delivered to the Defendant JM, that legal action against the Plaintiff was imminent and that the Plaintiff was required to contact the Defendant JM in order to prevent the filing of a civil lawsuit against him.

25. Also on November 12, 2015 the Defendant JM placed a voice message upon the answering machine of the Plaintiff's employer and disclosed therein that it was a message from a collection agency seeking to communicate with the Plaintiff.

26. The message was heard by the Plaintiff's Uncle at the family owned business.

27. In response to the voice message placed by the Defendant JM the Plaintiff called the telephone number placed by the Defendant JM and spoke with the Defendant JM. The Plaintiff was then transferred to the Defendant DS.

28.     The Defendant DS advised the Plaintiff that the alleged debt would be deducted from his tax refund if he did not pay the alleged debt.

29.     The Defendant DS then agreed to "settle" the account for $1,300.00 to be paid in three installments (see Exhibit "1").

30.     Concerned that the Defendants would again contact his employer and expose an alleged debt which could place his employment in jeopardy, concerned that legal action would be commenced against him and concerned that the Defendants would seize his tax refund the Plaintiff agreed to pay the "settlement" amount and provided his debit card checking information to the Defendant DS.

31.     On November 12, 2015 a charge in the amount of $208 was effected by the Defendant DS upon a checking account maintained by the Plaintiff.

32.     Upon information and belief the statute of limitations to commence a lawsuit pursuant to the alleged debt had expired prior to November 12, 2015.

33.     The Defendants were aware that the statute of limitations had expired and falsely referenced to the commencement of legal action for the express purpose of scaring and alarming the Plaintiff into paying a portion of a debt which is legally time-barred so as to legally revive the statute of limitations in regard thereto.

34.     At no time did the Defendants send a written communication to the Plaintiff advising of his 30 day rights to dispute and/or obtain verification of the alleged debt as required by 15 U.S.C. § 1692g.

35.     At the time the Defendants charged the Plaintiff's checking account the Defendants improperly charged a processing fee of $8.00 which is not authorized by law or by any agreement relevant to the alleged debt.

36.     At all times relevant herein the Defendants JM, DS and ADS were acting on behalf of the Defendant JHPDE and at the direction of the Defendant JHPDE.

37.     As a result of the allegations set forth heretofore the Defendant JHPDE is vicariously liable for the violative conduct of the Defendants JM, DS and ADS as set forth herein.

38.     The false, deceptive and misleading debt collection means utilized by the Defendants were material in that these tactics affected the decision and/or ability of the Plaintiff to pay and/or challenge an alleged debt.

39.     As a result of the violative conduct committed by the Defendants the Plaintiff suffered actual damages in the form of lost money and emotional distress including, but not limited to, anxiety, lack of sleep and fear.

## V.  FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

40.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

41.     Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of an alleged debt;

42.     Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect an alleged debt;

43.     Defendants violated 15 U.S.C. § 1692e(5) by threatening illegal action;

44.     Defendants violated 15 U.S.C. 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

45. Defendants violated 15 U.S.C. § 1692e(11) by failing to advise the Plaintiff that the Defendant is a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

46. The Defendants violated 15 U.S.C. § 1692f(8) by charging a fee which is not authorized by law or by any agreement relevant to the alleged debt.

47. The Defendants violated 15 U.S.C. § 1692g by failing to advise the Plaintiff in writing of his 30 day rights to dispute and/or obtain verification of an alleged debt.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in the favor of the Plaintiff as follows:

(i) An award of the maximum statutory damages as are allowed pursuant to 15 U.S.C. sec. 1692k(a)(2)(A);

(ii) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

-8-

DATED:   New York, New York
         November 20, 2015

                                               */s/  Robert L. Arleo*
                                               ROBERT L. ARLEO
                                               ROBERT L. ARLEO, ESQ. P.C.
                                               380 Lexington Avenue
                                               New York, NY 10168
                                               Telephone:  (212) 551-1115
                                               Facsimile:   (518) 751-1801
                                               Email: robertarleo@gmail.com

                                               *Attorney for the Plaintiff*